UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TARA D. FORD, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 15-CV-0268-CVE-FHM |
| | ) |
| MEGAN J. BRENNAN, | ) |
| POSTMASTER GENERAL, | ) |
| | ) |
| **Defendant.** | ) |

### OPINION AND ORDER

Now before the Court for consideration is defendant's motion to dismiss (Dkt. # 18). Defendant asks the Court to dismiss plaintiff's complaint because plaintiff has failed to state a claim upon which relief can be granted. Defendant asserts that plaintiff's complaint fails to contain sufficient factual matter to state a claim that is plausible on its face, arguing that plaintiff has failed to show she suffered an adverse employment action as a result of discriminatory and retaliatory conduct. Id. at 4. Plaintiff responds that her complaint contains sufficient factual support and asks the Court to deny defendant's motion to dismiss. Dkt. # 22. In the alternative, plaintiff asks the Court for leave to amend her complaint. Id.

### I.

Plaintiff, an African-American female, filed this action in the Northern District of Oklahoma, alleging discrimination and retaliation on the basis of race and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII). Dkt. # 2. Plaintiff states that she began employment with the United States Postal Service (USPS) in 2012, where she remains employed. Id. at 3. She alleges that she was subjected to sexual harassment by her female supervisor, which included unwanted touching and groping and lewd jokes. Id. at 4. Plaintiff also

asserts that another female employee was subjected to the same behavior by the female supervisor and that the supervisor did not display the same behavior towards male employees. Id. Plaintiff asserts that she confronted her supervisor about her behavior and disparate treatment, but her supervisor brushed off her complaints. Id. at 5. Plaintiff asserts that "[t]he USPS discriminated and retaliated against [plaintiff] when it did not subject other non-protected class member employees to, nor condition their continued employment upon, acceptance of sexual 'jokes,' sexual assault and sexual harassment." Id.

Regarding her discrimination claim, plaintiff asserts that she was treated differently than similarly situated co-workers who were not members of a protected class. Id. at 7. Plaintiff asserts that this discrimination included defendant's conditioning her continued employment on her acceptance of her supervisor's sexual advances, performing a bad faith investigation of her discrimination charge, and "relegating her to second class employee status because of her membership in protected classes as compared to non-protected class employees." Id.

Regarding her retaliation claim, plaintiff asserts that after she made an informal oral complaint of discrimination, she filed a written charge of discrimination. Id. at 8. She alleges that defendant retaliated against her for her complaint by continuing to subject her to sexual harassment, performing a bad-faith investigation, maliciously transferring her to the same USPS location where her harasser had been reassigned, and forcing plaintiff to work in the "red room," a location within the USPS where valuables are kept, which plaintiff asserts was an attempt to set her up for missing money and/or valuables. Id. at 8.

Defendant argues that plaintiff's complaint should be dismissed for failure to state a claim because plaintiff has failed to plead sufficient factual allegations, specifically arguing that plaintiff

relies on conclusory statements and fails to plead any facts to demonstrate that she suffered an adverse employment action. Dkt. # 18, at 4. Plaintiff responds that her complaint contains sufficient factual allegations to state a claim for both discrimination and retaliation. Dkt. # 22, at 2.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Finally, "the 12(b)(6) standard does not

require that [p]lainitff establish a prima facie case in her complaint, [but] the elements of each alleged cause of action help to determine whether [p]laintiff has set forth a plausible claim." Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012) (citations omitted).

### III.

Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1) (1964). A prima facie case of discrimination requires a plaintiff to allege: (1) the victim belongs to a protected class; (2) the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to discrimination. EEOC v. PVNF, L.L.C., 487 F.3d 790, 800 (10th Cir. 2007). Plaintiff alleges that she was discriminated against and subjected to disparate treatment in the form of sexual harassment by her supervisor. Workplace sexual harassment may take either of two forms: (1) "hostile work environment" harassment, which consists of offensive gender-based conduct that is severe or pervasive; or (2) "quid pro quo" harassment, which "occurs when submission to sexual conduct is made a condition of concrete employment benefits." Hicks v. Gates Rubber Co., 883 F.2d 1406, 1413 (10th Cir. 1987). Plaintiff's complaint advances a theory of quid pro quo sexual harassment.[1] Dkt. # 2, at 6.

---

[1] Plaintiff argues that, in her complaint, she expressly reserved the right to pursue a claim of hostile work environment at a later point. Plaintiff now attempts to assert this claim in her response to defendant's motion. Dkt. # 22, at 2. This is inconsistent with the Rules of Federal Procedure. Rule 15(a) governs amendments to complaints and dictates how a party may attempt to assert an additional claim not raised in the original complaint. FED. R. CIV. P. 15(a). Plaintiff provides no authority for her assertion that she may raise a claim in a responsive motion that was not fully raised in her complaint. As such, plaintiff's attempt to raise the claim in her response to defendant's motion is insufficient to bring the claim before the Court.

The Court finds the allegations contained in plaintiff's complaint are sufficient to support plaintiff's Title VII discrimination claim. Plaintiff's complaint alleges that she is a member of a protected class as an African-American female, that her continued employment was conditioned upon acceptance of her supervisor's harassing conduct, and other employees who were not members of a protected class were not subjected to the same treatment. Id. at 7. With respect to plaintiff's allegation about continued employment conditioned on acceptance of harassing behavior, plaintiff asserts that her supervisor's behavior implied that plaintiff would be terminated or otherwise suffer an adverse employment action if she did not accept her supervisor's sexual advances. Id. These allegations sufficiently state a claim for discrimination under Title VII.

Regarding plaintiff's retaliation claim, a prima facie case of retaliation requires a plaintiff to allege: (1) she engaged in protected opposition to an unlawful employment practice; (2) she suffered an adverse employment action; and (3) there was a causal connection between the plaintiff's protected opposition and the adverse employment action. Zokari v. Gates, 561 F.3d 1076, 1081 (2009). Plaintiff's complaint contains sufficient factual allegations to state a retaliation claim that is plausible on its face. Plaintiff asserts that, after she filed a formal complaint about her supervisor's conduct, she was subsequently transferred to a location where her supervisor had been reassigned and she was transferred to the "red room" in an attempt to set her up for missing money or valuables. Dkt. # 2, at 8. Plaintiff asserts that these transfers were malicious in nature and occurred only after she made a formal complaint against her supervisor. Id. This sufficiently alleges an adverse employment action and a causal connection between plaintiff's complaint and subsequent transfer. As such, plaintiff's complaint sufficiently states a claim for Title VII retaliation.

5

The Court notes that, at this stage, it evaluates only the four corners of the complaint to determine if the complaint satisfies the dictates of Twombly and Iqbal. At the summary judgment stage, the court may consider whether there are any factual disputes in the case and whether a party is entitled to judgment as a matter of law. Plaintiff's complaint contains sufficient factual allegations to satisfy Twombly and Iqbal. Defendant's motion to dismiss should thus be denied.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Dkt. # 18) is **denied**.

**DATED** this 26th day of January, 2016.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE