UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TARA D. FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-CV-0268-CVE-FHM |
| ) | |
| MEGAN J. BRENNAN, ) | |
| POSTMASTER GENERAL, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Rule 15 Motion for Leave to Amend the Complaint to Add the Hostile Work Environment (HWE) Claim and/or Theory of Liability and Brief in Support (Dkt. # 41). Plaintiff asserts that she should be allowed to amend her complaint at this stage in the litigation to add a hostile work environment claim because Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to amend a complaint be "freely given when justice so requires." Id.

This action arises out of plaintiff's claims that she was sexually harassed by her female superior while she was employed by the United States Postal Service. Dkt. # 2. Plaintiff originally filed an agency action alleging discrimination based on race, color, national origin, sex, and retaliation, specifically asserting a claim of hostile work environment. Dkt. # 2-1, at 18. She received a final agency determination on February 9, 2015. Dkt. # 2, at 3. On March 24, 2015, plaintiff received a right to sue letter, dated March 19, 2015, and she filed her complaint in this Court on May 14, 2015, asserting that she had exhausted her administrative remedies. Id. Plaintiff's complaint asserted, inter alia, a claim of status-based discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., pursuing theories of "race+sex protected-class liability" and "quid pro quo and disparate treatment theory of liability." Id. at 6. Although plaintiff

was fully aware of her hostile work environment theory when she filed her agency action, instead of raising it in her complaint, she stated the following:

> Plaintiff expressly reserves the right to pursue a hostile work environment theory of liability, or any other applicable Title VII theory of liability. Notwithstanding this reservation, [plaintiff] currently pursues the *quid pro quo* and disparate treatment theory of liability.

Id.

Defendant filed an answer to plaintiff's complaint (Dkt. # 9) and the Court entered a scheduling order on July 31, 2015 (Dkt. # 12). Pursuant to this scheduling order, the deadline for amendment to complaint was October 1, 2015. Id. On November 2, 2015, the Court entered an amended scheduling order (Dkt. # 17), pursuant to which the discovery cutoff was January 29, 2016. Because the deadline for amendment elapsed before the entry of this order, the Court did not reset this deadline. Id. This Court entered an opinion and order (Dkt. # 25) on January 26, 2016, denying defendant's motion to dismiss. In that opinion and order, the Court explained that, although plaintiff asserted that, in her complaint, she expressly reserved the right to pursue a claim of hostile work environment at a later point, her attempt to raise the claim in her response to defendant's motion to dismiss was insufficient to bring the claim before the Court. Id. at 4 n.1. On February 11, 2016, the parties held a settlement conference, but were unable to reach an agreement. Dkt. # 39. On March 1, 2016, over a month after this Court's opinion and order, plaintiff filed this motion seeking to amend her complaint to add a hostile work environment claim. Dkt. # 41.

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given.'"[1] Foman v. Davis, 371 U.S. 178, 182 (1962). In considering delay as the basis to deny a motion to amend, a court must consider the length of the delay and the reason for the delay to determine if the moving party's actions constitute "undue" delay. Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th Cir. 2006). A court may deny leave to amend "when the party filing the motion has no adequate explanation for the delay." Minter, 451 F.3d at 1206 (quoting Frank v. U.S. West, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

Plaintiff's motion to amend her complaint should be denied based on plaintiff's undue delay in seeking leave to amend. Almost ten months have elapsed since plaintiff filed her complaint and over six months have elapsed since the deadline for amendment. Plaintiff had full knowledge of all of the activities relating to her claims prior to filing her complaint, specifically raised the claim of hostile work environment in her agency action, specifically alleged in her complaint that she was not stating a hostile work environment claim, although she attempted to "reserve" the right to raise the claim at a later point, allowed the deadline for amendment to elapse, and allowed the discovery

---

[1] Plaintiff does not assert that Fed. R. Civ. P. 16(b)(4) is relevant to the question of whether plaintiff can amend the complaint. Rule 16(b)(4) states that a scheduling order "may be modified only for good cause . . . ." In the Tenth Circuit, a plaintiff seeking to amend a complaint after a scheduling order deadline must demonstrate that he has good cause for doing so. Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n, 771 F.3d 1230, 1240-41 (10th Cir. 2014) ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so."). The scheduling order in this case set the deadline of October 1, 2015 for amendments to the complaint. Dkt. # 12. However, the Court need not address whether plaintiff satisfies Rule 16(b)(4)'s "good cause" standard because plaintiff is unable to satisfy the more lenient standard of Rule 15(a)(2).

deadline to elapse. And plaintiff has presented no reason that would allow the Court to excuse such a delay, arguing only that leave to amend should be freely given. See Dkt. # 41, at 3.

To the extent that plaintiff argues that Supreme Court precedent guides against decisions based on "mere technicalities" and single, decisive "missteps" by counsel, this argument fails to acknowledge that plaintiff made a strategic decision in crafting her complaint from which she attempts to retreat nearly ten months later. See id. at 4. This Court does not misapprehend the Supreme Court's precedent regarding Rule 15(a). But this Court also does not consider plaintiff's strategic decision not to raise the hostile work environment in her complaint a "mere technicality" or a single "misstep" in complying with the Rules of Civil Procedure. Plaintiff made the affirmative decision not to plead the hostile work environment claim--and to expressly state that she was not pursuing such a claim--in her complaint.[2] If plaintiff wished to alter this decision, she had ample opportunity to do so while still complying with the Court's scheduling order. Her attempt to amend her complaint now, after pertinent deadlines have elapsed, discovery has closed, and a settlement

---

[2] In her motion, plaintiff asserts that "the Title VII hostile work environment (HWE) claim is properly before the Court as factually pled." Dkt. # 41, at 3 n.1 (emphasis added). Plaintiff's argument is inconsistent with Fed. R. Civ. P. 8(a), which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." This requirement serves two purposes: it informs defendants of the claims asserted so that they may respond to the complaint, and it "appris[es] the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." Monument Builders of Greater Kan. City, Inv. v. Am. Cemetery Ass'n of Kan., 891 F.2d 1473, 1480 (10th Cir. 1989). Plaintiff's factual assertions in her complaint and her express statement that she was not raising a hostile work environment claim cannot be said to inform defendant of the claim asserted so as to allow defendant to respond. A defendant need not be omniscient in reading a plaintiff's complaint in order to divine potential claims out of a broad recitation of factual assertions. It is a plaintiff's burden to inform the defendant of the claims he must defendant himself against, and a plaintiff must do so by reciting "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, plaintiff has wholly failed to satisfy this burden, despite her assertions to the contrary.

conference has been held, amounts to undue delay, a basis upon which this Court may decline to give leave to amend.

In sum, the Court cannot conclude that plaintiff should be entitled to amend her complaint when her continued inaction in seeking to amend her complaint amounts to undue delay. In addition, allowing plaintiff to amend her complaint at this stage would cause "undue prejudice to the opposing party." Defendant has spent the last ten months defending itself against the claims plaintiff raised in her complaint, not the claim that plaintiff disclaimed in her complaint. Discovery has closed and the deadline for dispositive motions is quickly approaching. Requiring defendant to now defend itself against an additional claim of which it had no notice--and in fact, of which defendant had notice was not being raised--would cause defendant undue prejudice. Plaintiff's motion to amend her complaint should thus be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Rule 15 Motion for Leave to Amend the Complaint to Add the Hostile Work Environment (HWE) Claim and/or Theory of Liability and Brief in Support  (Dkt. # 41) is **denied**.

**DATED** this 3rd day of March, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE